IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LITTLEOUCHIES COMPANY<br>1422 Euclid Avenue, Ste. 704<br>Cleveland, OH 44115,<br><br>*-and-*<br><br>CRAIG BUTRICK<br>1104 Prospect Avenue East<br>Unit 403<br>Cleveland, OH 44115,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE JOY FREDERICK<br>1122 Clague Road<br>Westlake, OH 44145,<br><br>LEWIS SMITH<br>8766 Mavis Trail<br>Streetsboro, OH 44241,<br><br>*-and-*<br><br>LOGAN ROBINSON<br>1210 Cross Creed Drive<br>Brunswick, OH 44212,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. _____<br><br>JUDGE _____<br><br><br>PLAINTIFFS' VERIFIED COMPLAINT<br>FOR MONEY DAMAGES, TEMPORARY<br>RESTRAINING ORDER, PRELIMINARY<br>AND PERMANENT INJUNCTION AND<br>EQUITABLE RELIEF<br><br><br>[*Jury Demand Endorsed Hereon*] |

For their Complaint against Defendants Katherine Joy Frederick ("Frederick"), Lewis Smith ("Smith") and Logan Robinson ("Robinson") (together, "Defendants"), Plaintiffs LittleOuchies Company ("LittleOuchies" or the "Company") and Craig Butrick ("Mr. Butrick") (together, "Plaintiffs") allege the following:

## THE PARTIES

1.      LittleOuchies is an Ohio corporation located at 1422 Euclid Avenue, Ste. 704, Cleveland, Ohio 44115.

2.      Mr. Butrick is an individual and resides at 1104 Prospect Avenue East, Unit 403, Cleveland, Ohio 44115.

3.      Defendant Frederick is an individual and resides at 1122 Clague Road, Westlake, Ohio 44115.

4.      Defendant Smith is an individual and resides at 8766 Mavis Trail, Streetsboro, Ohio 44241.

5.      Defendant Robinson is an individual and resides at 1210 Cross Creed Drive, Brunswick, Ohio 44212.

## JURISDICTION & VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because Count One, alleging violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and Count Two, alleging violations of the Stored Communications Act (18 U.S.C. § 2701), arise under the laws of the United States; and this Court has supplemental jurisdiction over the state statutory and common law claims (Counts Three through Nine) pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside and conduct business in this judicial district and/or pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

## GENERAL FACT ALLEGATIONS

### Background Facts

8. Mr. Butrick is an electronic and computer engineer. He earned his Bachelor's degree in electrical engineering at Youngstown State University in 2011.

9. Mr. Butrick designed quiet, durable, portable and affordable sensory "stim" devices (which he dubbed "Little Ouchies") for people with neurodivergent conditions like Autism Spectrum Disorder, Attention Deficit/Hyperactivity Disorder, Anxiety Disorder and Body-Focused Repetitive Behaviors. In times of stress, a user squeezes or rolls the device in their hands or presses it against their body to self-soothe and self-regulate without causing self-harm. Some Little Ouchies products are depicted below:



10. In August 2016, Mr. Butrick formed Orion Technical Solutions LLC ("Orion LLC"), and in January 2025 he formed LittleOuchies as Orion LLC's successor, through which he ran the LittleOuchies business. Mr. Butrick was the sole member and President of Orion LLC and the sole shareholder, sole director and President of LittleOuchies.

11. In May 2025, Mr. Butrick restructured the LittleOuchies business by separating different functions among the Company and three new corporations he formed for that purpose – Radiant Mind Company ("Radiant Mind"), Tactical Mind and Body Inc. ("Tactical Mind") and Orion Studio Inc. ("Orion Inc.") (the "Reorganization").

12. Around the same time, LittleOuchies hired Defendant Frederick, who presented herself as having expertise in business and finance matters; and Mr. Butrick (as President) appointed her Vice President. LittleOuchies, Radiant Mind, Tactical Mind and Orion Inc. each

3

issued shares to Defendant Frederick, representing a 20% ownership interest in each of them; and the new corporations issued shares to Mr. Butrick, representing an 80% ownership in each of them.

13.    The following occurred during the Reorganization:

    (i)    LittleOuchies became the sole owner of all the tangible and intangible property and assets of the LittleOuchies business, including the littleouchies.com domain, its Google Cloud account, its Gmail account, its Shopify account, its TikTok and TikTok Shop accounts (to which Mr. Butrick retained exclusive full administrator rights);

    (ii)    the business's revenue was directed to a new bank account in the name of LittleOuchies;

    (iii)    operations, manufacturing and expenses were handled by Radiant Mind (covered by funds transferred from LittleOuchies' bank account, as needed);

    (iv)    by the end of August 2025, Orion LLC's independent contractors (including Defendant Robinson) were W2 employees of Radiant Mind (except for Smith, the Company's marketing consultant with information-technology know-how and experience, who remained an independent contractor);

    (v)    Mr. Butrick and Defendant Frederick also became W2 employees of Radiant Mind; and

    (vi)    Mr. Butrick added Defendant Frederick as an authorized signer on the four new corporate bank accounts used for the business, and she was granted limited administrator access to some of the online accounts.

14.    Effective November 12, 2025, the LittleOuchies business was brought back into one (surviving) entity, LittleOuchies, by merging Radiant Mind, Tactical Mind and Orion Inc. into LittleOuchies. Mr. Butrick continues to own shares in LittleOuchies representing an 80% ownership interest; Defendant Frederick continues to own shares in LittleOuchies representing a 20% ownership interest; and Mr. Butrick continues to be the Company's sole Director and President.

15.    The Company leases three office suites in the Hanna Building at Playhouse Square in downtown Cleveland: two for operations and one to store inventory, raw materials, shipping

labels, packaging material, computers and printers and other tangible property. LittleOuchies manufactures its products at its Playhouse Square offices using 3D printers and raw materials that it purchases from sellers in the United States.

16.     Revenue from direct sales through the Company's <littleouchies.com> website is processed through LittleOuchies' Shopify e-commerce account. Its other revenue stream comes from its TikTok Shop account, an e-commerce feature within its main TikTok account, which LittleOuchies uses to post videos to market, advertise and educate consumers about its products.

17.     LittleOuchies uses its Google Cloud account to maintain and administer all Company records, documents and data; and it uses its integrated Gmail account for all business-related emails.

18.     Each Defendant is a party to a Non-Disclosure Agreement with the Company that prohibits the unauthorized disclosure of the Company's confidential information and its use for purposes other than in furtherance of the Company's business.

<u>Defendants' Wrongdoing</u>

19.     In mid-September 2025, Mr. Butrick discovered that Defendant Frederick had engaged in a number of unauthorized and improper financial transactions, including her transfer of substantial Company funds from Company bank accounts to non-Company bank accounts controlled by her.

20.     Upon this discovery, Mr. Butrick terminated Defendant Frederick's employment and removed her from her office as Vice President. However, in reliance on Defendant Frederick's representations (in retrospect, false) that she had not intended to steal Company funds and, going forward, would carry out her job as assigned and would not engage in any more unauthorized

actions, the Company voided her termination and removal and allowed her to return to work while the parties tried to work out a final resolution of those and other issues (the "Negotiation Period").

21. Defendant Frederick's representations were false and fraudulent and were made so she could regain her position and access, resume stealing money from the Company's bank accounts and continue her course of malfeasance and misconduct (which, in fact, worsened) in an effort to squeeze Mr. Butrick out of his own business and coerce him to sell his interest to her and (when that did not work) steal the rest of the Company's property, start a competitive business using the Company's assets and drive the Company out of business by depriving it of everything it needs to survive.

22. As part of her plan, Defendant Frederick stole Mr. Butrick's login credentials, access codes and passwords to Company accounts and, without his permission or authority, used them to (among other things):

(i) gain administrator access to the Company's Google Cloud, Gmail, TikTok and TikTok Shop accounts;

(ii) change Mr. Butrick's login credentials, access codes and passwords so he was shut out of the Company's accounts and could not access them or restore his access to them,

(iii) redirect revenue from sales of LittleOuchies products to her own bank account;

(iv) alter or disable Mr. Butrick's multi-factor authentication systems so that she could intercept (and, without authority, approve) the confirmation emails, texts and other communications intended for him and to alert him of unauthorized changes to his login credentials, access codes and/or passwords;

(v) hijack Mr. Butrick's email and use it to communicate with third parties in a manner misrepresenting herself as him; and

(vi) use her unauthorized access to Mr. Butrick's email to change his username to "spam" – thereby, redirecting emails sent to him to a repository only she

can access, and creating the false impression that he was no longer associated with his own Company.

23.     Defendant Frederick also falsely told the Internal Revenue Service that the Company was moving, she continued her unauthorized transfers of Company funds to her own bank account, and – while Mr. Butrick was on leave – she changed the locks on the office doors and by October 28, 2025, had cleaned out all the computers, printers, telecommunications equipment and other property that had been in the leased office suites, including items that belong to Mr. Butrick personally.

24.     Defendant Frederick had no authority whatsoever to undertake any of the actions identified and described in paragraphs 22 and 23 above.

25.     Defendant Frederick, when confronted about these new misdeeds, repeatedly misrepresented that she already had, or that she promptly would, restore Mr. Butrick's unrestricted access and administrator rights to Company email, data, documents and accounts – but she never did and never has.

26.     Administrator control over the Company's TikTok Shop account is currently <lewis@smithcom.agency> (Defendant Smith's email account); and he and Defendant Robinson both facilitated, assisted and/or actively participated in Defendant Frederick's wrongdoing.

27.     On October 15, 2025, Mr. Butrick – in an effort to regain control of his business and protect Company funds from complete depletion and misappropriation by Defendant Frederick – transferred some of the funds in a LittleOuchies bank account to which Defendant Frederick had access to a different LittleOuchies bank account that she could not touch, leaving sufficient funds in the main operating accounts to cover the Company's ongoing and imminent obligations, costs and expenses.

28.     But, Defendant Frederick quickly swooped in and the very next day (10/16/2025), she stole the remaining funds in four Company bank accounts and transferred them to her own account, thereby depriving the Company of funds it needed to meet financial obligations, including October monthly rent she failed to pay and an overdue contractor invoice for the office build-out that she also failed to pay.

29.     Written demands for return of the Company's money and restoration of Mr. Butrick's online account access were ignored or refused.

30.     Then, on Tuesday, October 28, 2025, Mr. Butrick discovered that LittleOuchies" had been removed from the building's business directories, at Defendant Frederick's direction, and she had completely cleaned out the Company's three office suites. Without warning or authority, she had stolen everything – computers, printers, equipment, machinery, office furniture, shipping labels, packaging material and other tangible property and assets – and moved it to a secret location that she still refuses to disclose.

31.     He also discovered that there was unopened correspondence to the Company in the building's mailroom, including a violation notice (dated 10/22/2025) from the Collections Enforcement Section of the Ohio Attorney General's Office because Defendant Frederick failed to do her job and pay the Company's workers compensation premiums and two notices from the I.R.S. acknowledging receipt of her false report that the business was moving and mail to the Company should no longer be sent there.

32.     Law enforcement authorities were promptly notified and responded to the scene; and the building's freight elevator operator (in Mr. Butrick's presence) affirmatively identified Defendant Frederick as orchestrating and participating in the theft to the reporting officer.

33.     That same day (10/28/2025), Mr. Butrick's counsel notified Defendant Frederick's lawyers of the foregoing events and demanded immediate return and restoration of all Company funds, property, data and accounts. Less than twenty-four hours later, her lawyers sent a letter that they no longer represented her, and all further communications should be directed to her.

34.     Mr. Butrick's counsel thereupon emailed Defendant Frederick directly, again demanding that she immediately return all Company funds and property and restore Mr. Butrick's unrestricted access and administrator rights to all Company accounts and emails. As with all other demands, Defendant Frederick did not accede to that demand, either.

35.     On October 28 and 29, 2025 – immediately upon completing their theft of LittleOuchies manufacturing equipment, raw material and other property – Defendants joined together and, as co-owners, formed Havna Group, LLC and had Havna Group, LLC form Havna Brands LLC (together, the "Havna Companies").

36.     On information and belief, Defendants are using the cash, machinery, equipment, digital data, computer codes, business relationships and other resources and assets that were stolen from LittleOuchies to set up and run the business (for themselves) through the Havna Companies.

37.     Defendants Smith and Robinson (like Defendant Frederick) have also ignored written demands for return of Plaintiffs' property and login credentials and restored access to Company accounts.

38.     Defendants Smith and Robinson went into business with Defendant Frederick and helped her steal Company property, move it to a secret location, access and use Mr. Butrick's login credentials and passwords without his permission to take unauthorized control over the business; and they are intentionally, willfully, knowingly and unlawfully withholding critical business information, documents, digital data and account access from Plaintiffs, their rightful owners.

39.     Defendants Smith and Robinson have not shown up for work for weeks. Nor have any of the other Company employees who also have written Non-Disclosure Agreements with the Company but nevertheless helped Defendant Frederick pack up and take everything at the Company's offices and remain in contact with her.

40.     Defendants Smith and Robinson (like Defendant Frederick and the other LittleOuchies employees who have disappeared) have ignored Mr. Butrick's text messages for information about whereabouts of his and the Company's property.

41.     On November 3, 2025, Defendant Frederick called Mr. Butrick's counsel and admitted that she has possession of the stolen Company property but refused to disclose its location or return it unless and until she is bought out of the Company. In short, Defendant Frederick is trying to extort money from Plaintiffs by holding hostage the stolen funds, property, data, accounts and documents needed to manufacture product, operate the business and stay afloat.

<u>Plaintiffs' Losses, Damages and Irreparable Harm</u>

42.     Defendants' conduct has irreparably harmed (and, unless enjoined, will continue to irreparably harm) Plaintiffs, their business, their professional reputations and their contractual and business relationships with the Company's landlord, vendors, suppliers, customers, employees, contractors and other third parties; and money damages alone will not provide Plaintiffs with an adequate remedy for the loss, damage and harm they have sustained as a result of Defendants' wrongdoing.

43.     Due to the unlawful cyber misdeeds of Defendant Frederick and her cohorts, LittleOuchies currently has no revenue coming in through TikTok Shop (where most of its products are purchased); and its TikTok Shop rating is at imminent risk of a rating downgrade (in e-commerce, any rating downgrade can be devastating to revenue) because open orders cannot be

fulfilled and new orders cannot be taken, as Defendant Frederick emptied the online inventory and new inventory cannot be manufactured without the stolen equipment, raw materials and other resources Defendants pilfered and refuse to return.

44.    Without immediate restored access to the TikTok Shop account, Plaintiffs are unable to ascertain the number of open orders, or the names and shipping information of customers who ordered product and whose payments Defendant Frederick misdirected into an unknown, non-Company account controlled by her. Negative customer reviews about the Company already have been posted due to delayed deliveries of products, and it is virtually impossible for Plaintiffs to remedy the situation given the severed account access, cyber mischief and other circumstances Defendants are responsible for creating.

45.    Furthermore, Black Friday – well known as the start of the holiday shopping season and the busiest shopping day of the year in the United States – is imminent; and LittleOuchies derives significant revenue during the two weeks preceding it and the several weeks following it (potentially 30-40% of annual sales). Unless the Company's funds, property, data, documents and account access are returned and restored immediately, the Company will lose substantial revenue this holiday season that it cannot recoup and is likely to lose market share and suffer reputational harm from which it cannot readily or fully recover.

46.    In addition to those (and other) irreparable harms, Defendant Frederick misappropriated more than $80,000 of Company funds from Company bank accounts and stole other tangible property owned by Plaintiffs valued at almost $100,000, and the Company's estimated lost sales to date exceed $50,000.00.

## COUNT ONE
Computer Fraud and Abuse Act, 18 U.S.C. § 1030
(against Defendants Frederick and Smith)

47.     Plaintiffs incorporate into this Count One by reference all averments, assertions and allegations set forth in paragraphs 1 through 46 above as though fully rewritten herein at length.

48.     Pursuant to the Computer Fraud and Abuse Act (the "CFAA"), at 18 U.S.C. § 1030(a)(2)(C), it is a criminal offense to intentionally access a computer without authorization or exceed authorized access and thereby obtain information from any protected computer.

49.     Pursuant to the CFAA, at 18 U.S.C. § 1030(b), it is a criminal offense to conspire to commit or attempt to commit an offense under subsection (a) of the Act.

50.     Pursuant to the CFAA, at 18 U.S.C. § 1030(g), any person, corporation or other legal entity that suffers damage or loss by a reason of a violation of the CFAA can bring a civil action to obtain compensatory damages and injunctive or other equitable relief when the value of the aggregated loss is at least $5,000.00 during any one-year period.

51.     Defendants Frederick and Smith intentionally accessed a computer, without authorization and/or exceeding their authorization, and thereby obtained information from a protected computer.

52.     The computers that Defendants Frederick and Smith accessed without authorization and/or exceeding their authorization are protected computers because they are used in or affect interstate commerce.

53.     Defendants Frederick and Smith were not authorized to use, hijack, steal and/or change Mr. Butrick's login credentials, access codes or passcodes or use them to take administrator control over the Company's TikTok, TikTok Shop, Instagram, Google Cloud, Gmail and other online accounts.

54. Defendants Frederick and Smith were not authorized to use, hijack, steal and/or change Mr. Butrick's login credentials, access codes or passcodes to suspend, interfere with or cancel Mr. Butrick's administrator rights, access to and/or control over the Company's online accounts.

55. Defendants Frederick and Smith were not authorized to use, hijack, steal and/or change Mr. Butrick's login credentials, access codes or passcodes to gain access or hack into his accounts and emails, gain control over his emails, make emails sent to him inaccessible to him, change the username in his email address to "spam" or engage in any of the other misdeeds and misconduct described above.

56. Plaintiffs' aggregate loss resulting from Defendants' violations of the CFAA exceeds $5,000 in value during a one-year period.

57. Defendants' above-described conduct violates 18 U.S.C. § 1030(a); and Defendants conspired with each other to commit or attempt to commit violations of the CFAA, in violation of 18 U.S.C. § 1030(b).

58. Plaintiffs' losses include the costs they incurred to respond to Defendants' offenses, conduct damages assessments and restore and attempt to restore access and data, programs, systems and/or information to their prior condition, as well as lost revenue, costs incurred and other consequential damages due to interruption of service.

59. Defendants Frederick and Smith are jointly and severally liable to Plaintiffs for compensatory damages; and Plaintiffs are statutorily entitled to a temporary restraining order and preliminary and permanent injunctions that (i) enjoin those Defendants and their agents, servants, employees, and attorneys and all others in active concert or participation with them from further violations of the CFAA, and (ii) compel them to immediately deliver any and all login credentials,

access codes and passwords to Company accounts, restore full access and exclusive administrator rights to Plaintiffs and refrain from further use of Company computers and further access to Company accounts.

COUNT TWO
Unlawful Access to Stored Communications Act, 18 U.S.C. § 2701
(against Defendants Frederick and Smith)

60.     Plaintiffs incorporate into this Count Two by reference all averments, assertions and allegations set forth in paragraphs 1 through 59 above as though fully rewritten herein at length.

61.     Pursuant to the Unlawful Access to Stored Communications Act ("SCA"), at 18 U.S.C. § 2701(a), it is a criminal offense to intentionally access a facility through which an electronic communications service is provided, without authorization or exceeding authorization, and thereby obtain, alter or prevent authorized access to a wire or electronic communication while it is in an electronical storage system.

62.     The SCA, at 18 U.S.C. § 2707(a), provides a private right of action to a person aggrieved by a knowing or intentional violation of the Act

63.     The Google Cloud, Gmail and electronic platforms and systems that Defendants Frederick and Smith accessed are "facilities" within the meaning of the SCA; and in violation of the SCA, they accessed those facilities, without authorization or exceeding their authorization, using Mr. Butrick's login credentials and passwords without his permission to access Plaintiffs' electronically stored data and communications, expand Frederick's administrator rights beyond the limited access she had been permitted and alter and prevent Plaintiffs' authorized access to their electronic documents, data and communications electronically stored in password-protected electronic accounts and cloud storage and computing systems.

64.     Defendants also violated the SCA by hacking into Mr. Butrick's emails and redirecting them and preventing him from accessing them.

65.     Pursuant to 18 U.S.C. §§ 2707(a) and (b), Defendants Frederick and Smith are jointly and severally liable for Plaintiffs' actual damages and any profits they realized as a result of their SCA violations, plus a reasonable attorney fee and litigation costs reasonably incurred by Plaintiffs and the costs of the action; and because they have acted willfully and/or intentionally, they are also liable for punitive damages, pursuant to 18 U.S.C. § 2707(c).

66.     Pursuant to 18 U.S.C. § 2707(b)(1), Plaintiffs are entitled to a temporary restraining order and preliminary and permanent injunctions that (i) enjoin Defendants and their agents, servants, employees, and attorneys and all others in active concert or participation with them from further violations of the SCA, and (ii) compel them to immediately deliver any and all login credentials, access codes and passwords to Plaintiffs' accounts, restore full access and exclusive administrator rights to Plaintiffs and refrain from further using Company computers and accessing Plaintiffs' accounts.

<u>COUNT THREE</u>
Unauthorized Use of Computer, Cable or Telecommunication Property, R.C. § 2913.04
(against Defendants Frederick and Smith)

67.     Plaintiffs incorporate into this Count Three by reference all averments, assertions and allegations set forth in paragraphs 1 through 66 above as though fully rewritten herein at length.

68.     Pursuant to R.C. § 2913.04(A), it is a criminal offense to "knowingly use or operate the property of another without the consent of the owner or person authorized to give consent."

69.     Pursuant to R.C. § 2913.04(B), it is a criminal offense to "in any manner and by any means, including, but not limited to, hacking, shall knowingly gain access to, attempt to gain

15

access to, or cause access to be gained to any computer, computer system, computer network, ... telecommunications device, telecommunications service, or information service without the consent of, or beyond the scope of the express or implied consent of, the owner of the computer, computer system, computer network, ... telecommunications device, telecommunications service, or information service or other person authorized to give consent."

70.     Pursuant to R.C. §§ 2307.60(A)(1) and 2913.01(K), an aggrieved property owner may pursue a civil action for a violation of R.C. § 2913.14 and recover compensatory damages or liquidated damages from the offender(s) up to three times the value of the property at the time it was stolen, regardless of whether the property is or was subsequently recovered.

71.     Defendants Frederick and Smith violated R.C. § 2913.04 by engaging in the misconduct above, and they are liable to Plaintiffs, jointly and severally, for compensatory damages or, if greater, for liquidated damages up to three times the value of the property that they stole and/or unlawfully used without the consent of a person authorized to give it.

<u>COUNT FOUR</u>
Identity Fraud, R.C. § 2913.49
(against Defendant Frederick)

72.     Plaintiffs incorporate into this Count Four by reference all averments, assertions and allegations set forth in paragraphs 1 through 71 above as though fully rewritten herein at length.

73.     Pursuant to R.C. § 2913.49(B), it is a criminal offense to use, obtain or possess any personal identifying information of any person without that person's consent and with intent to hold oneself out as the other person or represent the other person's personal identifying information as one's own.

74. Pursuant to R.C. § 2913.49(J), a person injured in person or property by a violation of R.C. § 2913.49(B) may bring a civil action against the wrongdoer to enjoin and restrain future acts that violate the statute and for damages pursuant to R.C. § 2307.60.

75. Mr. Butrick's email address and account passwords constitute "personal identifying information" as defined in R.C. § 2913.49(A).

76. Defendant Frederick used, obtained and/or possessed Mr. Butrick's personal identifying information without his permission to hack into his emails account and, holding herself out as him, used it to communicate with third parties.

77. Defendant Frederick is liable to Mr. Butrick for the full damages which he sustained as a result of her unlawful conduct, as well as punitive damages and Mr. Butrick's reasonable attorney fees and litigation costs and expenses because she has acted intentionally, willfully, fraudulently, with actual malice and/or in bad faith.

78. Mr. Butrick also is entitled to a temporary restraining order and preliminary and permanent injunctions that (i) enjoin Defendant Frederick and her agents, servants, employees, and attorneys and all others in active concert or participation with them from further violations of R.C. § 2913.49, and (ii) compel them to immediately identify all current login credentials, access codes and passwords to Mr. Butrick's accounts and stop using them.

<u>COUNT FIVE</u>
Breach of Contract
(against All Defendants)

79. Plaintiffs incorporate into this Count Five by reference all averments, assertions and allegations set forth in paragraphs 1 through 78 above as though fully rewritten herein at length.

80.     Defendants are each a party to a Non-Disclosure Agreement with the Company that prohibits unauthorized disclosure of LittleOuchies confidential information and/or use of LittleOuchies confidential information other than in furtherance of the Company's business.

81.     Defendants have used LittleOuchies confidential information other than in furtherance of the Company's business and/or have disclosed LittleOuchies confidential information to the Havna Companies or other third parties, in violation of their respective Non-Disclosure Agreements.

82.     The Company has fulfilled its obligations under the Non-Disclosure Agreements.

83.     Defendants' violations of their Non-Disclosure Agreements have damaged the Company in amounts for which Defendants are jointly and severally liable.

84.     Furthermore, because Defendants' unauthorized disclosure, misappropriation and/or misuse of LittleOuchies' confidential information has irreparably harmed the Company (and, unless enjoined, will continue to irreparably harm the Company), LittleOuchies is entitled to a temporary restraining order and preliminary and permanent injunctions that (i) enjoin Defendants and their agents, servants, employees, and attorneys and all others in active concert or participation with them from further violations of their contractual obligations, and (ii) compel them to immediately return any and all LittleOuchies confidential information to the Company (including but not limited to login credentials, access codes, passwords, product specifications and manufacturing technology) and refrain from further unauthorized disclosure and/or use of that information.

COUNT SIX
Conversion
(against All Defendants)

85.     Plaintiffs incorporate into this Count Six by reference all averments, assertions and allegations set forth in paragraphs 1 through 84 above as though fully rewritten herein at length.

86.     LittleOuchies owns and has the right to immediate possession of the Company property that Defendants took without permission and/or is in their possession.

87.     Mr. Butrick owns and has the right to immediate possession of his personal property that Defendants took without permission and/or is in their possession.

88.     Defendants wrongfully took Plaintiffs' property without permission and, despite demand, refuse to return it and are wrongfully withholding it, secreting it and interfering with Plaintiffs' property rights.

89.     Defendants' conversion of Plaintiffs' property has damaged Plaintiffs in amounts for which Defendants are jointly and severally liable; and Defendants are also liable for punitive damages and Plaintiffs' reasonable attorney fees and litigation costs and expenses because Defendants have acted intentionally, willfully, fraudulently, with actual malice and/or in bad faith.

90.     Plaintiffs are also entitled to a temporary restraining order and preliminary and permanent injunctions that compel Defendants to immediately return all Plaintiffs' tangible and intangible property to Plaintiffs without further delay.

COUNT SEVEN
Breach of Fiduciary Duty
(against All Defendants)

91.     Plaintiffs incorporate into this Count Seven by reference all averments, assertions and allegations set forth in paragraphs 1 through 90 above as though fully rewritten herein at length.

92.   Defendant Frederick was an officer and employee of the Company until she was removed and terminated and, at all relevant times, a shareholder of the Company.

93.   As a shareholder, Defendant Frederick owes fiduciary duties to Mr. Butrick and, as a LittleOuchies shareholder and (former) officer and employee, owes and owed fiduciary duties to the Company.

94.   Defendant Robinson, as an employee, owed fiduciary duties to the Company.

95.   Defendant Smith, as the Company's consultant with access to Plaintiffs' confidential information, owed fiduciary duties to Plaintiffs.

96.   Defendants breached their fiduciary duties by (as applicable) committing the following acts and engaging in the following conduct:

(i)   taking control over and misappropriating corporate funds, assets, equipment accounts, computers, data, documents, records, confidential information and other property;

(ii)   using Mr. Butrick's passwords, access codes, login credentials and administrator access without permission and, independently, using them to obtain unauthorized access, rights to and control over Plaintiffs' accounts and emails and lock Mr. Butrick out of business accounts, platforms, systems, data and documents critical to the business;

(iii)   changing Mr. Butrick's passwords, access codes and login credentials without permission and deleting his accounts and removing his access to Company accounts and emails, including emails addressed to and intended for him;

(iv)   secretly changing the locks on the doors of LittleOuchies' office suites, thereby depriving Mr. Butrick of access to the physical premises;

(v)   as to Defendant Frederick, secretly paying unauthorized amounts of Company funds to herself, including by wire and/or ACH transfer;

(vi)   electronically accessing Company accounts to facilitate Defendant Frederick's transfer of Company funds to herself and non-Company accounts controlled by her;

(vii)  stealing critically necessary printers, computers, office equipment, inventory, raw material, digital data and other property, and moving them to one or more unknown locations that (despite demand) Defendants refuse to identify and refuse to return;

(viii)  making false and fraudulent representations to Plaintiffs about business matters, and concealing material information from Plaintiffs that Defendants were obligated to disclose;

(ix)  taking and using Company property, funds, contacts, assets, confidential information and other resources to start the Havna Companies, usurp corporate opportunities, compete against Plaintiffs and/or seriously damage or destroy LittleOuchies' business;

(x)  conspiring against Plaintiffs and acting against the Company's interests; and

(xi)  engaging in all the other misconduct, wrongdoing and unlawful acts detailed above.

97.  Defendants' breaches of their fiduciary duties have damaged Plaintiffs in amounts for which they are jointly and severally liable; and Defendants are also liable for punitive damages and Plaintiffs' reasonable attorney fees and litigation costs and expenses because they have acted intentionally, willfully, fraudulently, with actual malice and/or in bad faith.

<u>COUNT EIGHT</u>
Tortious Interference with Contractual and Business Relationships
(against All Defendants)

98.  Plaintiffs incorporate into this Count Eight by reference all averments, assertions and allegations set forth in paragraphs 1 through 97 above as though fully rewritten herein at length.

99.  Defendants are each a party to a written Non-Disclosure Agreement that prohibits unauthorized disclosure of LittleOuchies confidential information to third parties and use of LittleOuchies confidential information other than in furtherance of the Company's business.

100.    Defendants each knew that the other individual Defendants and other Company employees, contractors and consultants are parties to Non-Disclosure Agreements that also prohibit unauthorized disclosure and use of LittleOuchies confidential information; and Defendants intentionally procured breach of those Non-Disclosure Agreements by luring other employees and/or independent contractors away from the Company, by soliciting and obtaining their participation and assistance in the hijack of Plaintiffs' business and theft of their property and by engaging in the other misconduct, wrongdoing and misdeeds detailed above.

101.    Furthermore, the Company has (or had) contractual and business relationships with its landlord, vendors, suppliers, telecommunications and utility providers, e-commerce platforms, subscription services, employees, consultants, contractors and other third parties with which Defendants have improperly interfered by engaging in the above-described misconduct.

102.    Defendants lacked privilege or justification to intentionally interfere with the Company's business and contractual relationships.

103.    Defendants' intentional interference with those relationships has damaged the Company in amounts for which Defendants are jointly and severally liable; and Defendants are also liable for punitive damages and Plaintiffs' reasonable attorney fees and litigation costs and expenses because Defendants have acted intentionally, willfully, fraudulently, with actual malice and/or in bad faith.

104.    And, because Defendants' misconduct has caused (and, unless enjoined, will continue to cause) irreparable harm, Plaintiffs are also entitled to a temporary restraining order and preliminary and permanent injunctions that enjoin Defendants and their agents, servants, employees, and attorneys and all others in active concert or participation with them from further interfering with the Company's Non-Disclosure Agreements and Plaintiffs' other business and

contractual relationships, including but not limited to the solicitation or employment of current or former Company employees, consultants and contractors in any business that competes with LittleOuchies or uses its manufacturing techniques, technology and/or processes and other LittleOuchies confidential information.

COUNT NINE
Accounting
(Defendant Frederick)

105.     Plaintiffs incorporate into this Count Nine by reference all averments, assertions and allegations set forth in paragraphs 1 through 104 above as though fully rewritten herein at length.

106.     Defendant Frederick has breached and continues to breach her fiduciary duties to Plaintiffs, engaged in fraudulent conduct, acted surreptitiously and without authorization, withheld and concealed material information from Plaintiffs, and stole Company funds, property, assets and resources and Mr. Butrick's personal property and moved it to secret locations that she refuses to divulge.

107.     Because Defendant Frederick has acted secretly, surreptitiously and fraudulently, an accounting is appropriate and warranted to ascertain the full extent of her wrongdoing and Plaintiffs' resulting damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask the Court to enter judgment in their favor and award them the following relief:

(1)     On Count One: judgment against Defendants Frederick and Smith (i) holding Defendants jointly and severally liable for compensatory damages (including costs incurred to respond to and remedy Defendants' offenses, conduct damages assessments and restore and attempt to restore Plaintiffs' access, data, programs, systems and/or information to their prior condition), plus lost revenue and other consequential damages due to the interruption of service caused by their

23

violation(s) of the CFAA; and (ii) the injunctive relief described in Count One above.

(2)   <u>On Count Two</u>: judgment against Defendants Frederick and Smith (i) holding them jointly and severally liable for actual damages caused by their violation(s) of the SCA, plus Defendants' profits, a reasonable attorney fee to Plaintiffs, litigation costs that Plaintiffs reasonably incurred and the costs of this action; (ii) an award of punitive damages; and (iii) the injunctive relief described in Count Two above.

(3)   <u>On Count Three</u>: judgment against Defendants Frederick and Smith holding them jointly and severally liable for compensatory damages caused by their violation(s) of R.C. § 2913.04 or, if greater, liquidated damages in the amount of three times the value of Plaintiffs' property at the time it was stolen.

(4)   <u>On Count Four</u>: judgment against Defendant Frederick awarding Mr. Butrick full damages resulting from Defendant Frederick's violation(s) of R.C. § 2913.49, plus punitive damages and his reasonable attorney fees and litigation costs and expenses incurred herein.

(5)   <u>On Count Five</u>: judgment against Defendants Frederick, Smith and Robinson (i) holding them liable for compensatory damages caused by their contractual breaches; and (ii) the injunctive relief described in Count Five above.

(6)   <u>On Count Six</u>: judgment against all Defendants (i) holding them jointly and severally liable for injury, loss and damage caused by their conversion of Plaintiffs' property; (ii) awarding Plaintiffs punitive damages; and (iii) ordering the injunctive relief described in Count Six above.

(7)   <u>On Count Seven</u>: judgment against all Defendants (i) holding them liable for compensatory damages caused by their respective fiduciary breaches; and (ii) awarding Plaintiffs punitive damages.

(8)   <u>On Count Eight</u>: judgment against all Defendants (i) holding them jointly and severally liable for compensatory damages resulting from their tortious interference with Plaintiffs' business and contractual relationships; (ii) awarding Plaintiffs punitive damages; (iii) ordering the injunctive relief described in Count Eight above; and (iv) an award of punitive damages.

(9)   <u>On Count Nine</u>: judgment against Defendant Frederick compelling her to produce all Company books and records in her possession, custody or control and a detailed accounting of all Company property, assets, receivables, liabilities, debts, expenses, deposits, withdrawals, transfers, transactions and supporting documentation.

Plaintiffs also respectfully ask the Court to grant all such other relief that it deems just and equitable.

JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Deborah J. Michelson*
DEBORAH J. MICHELSON (0059044)
michelson@buckleyking.com
David A. Kunselman (0073980)
kunselman@buckleyking.com
BUCKLEY KING, LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, OH 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)

Attorneys for Plaintiff Craig Butrick

*-and-*

*/s/ Jeffrey T. Kalniz*
JEFFREY T. KALNIZ (0067213)
jeff@kmlawohio.com
PETER MEHLER (0075283)
peter@kmlawohio.com
KALNIZ MEHLER LTD.
P.O. Box 39074
Solon, OH 44139
(216) 401-8448 (*Jeff Kalniz Direct*)
(216) 577-0959 (*Peter Mehler Direct*)

Attorneys for Plaintiff LittleOuchies
Company